Jacqueline DAVIS, et al.,

v.

William L. LUKHARD, et al.

Civ. A. No. 84–0126–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 20, 1984.

**318**

Edward M. Wayland, Charlottesville-Albemarle Legal Aid Soc., Charlottesville, Va., Jill A. Hanken, Virginia Poverty Law Center, Richmond, Va., for plaintiffs.

John A. Rupp, Asst. Atty. Gen., Robert W. Jaspen, Asst. U.S. Atty., Richmond, Va., for defendants.

## OPINION

WARRINER, District Judge.

█ Judgment was entered herein on 29 June 1984, 591 F.Supp. 319. On 10 July plaintiffs filed their motion under Fed.R. Civ.P. 59(e) asking the Court to vacate the judgment. The motion is untimely and must be dismissed. The tenth day after 29 June is 9 July, a Monday. Thus the time limit set in Rule 59(e) was not met by plaintiffs. Fed.R.Civ.P. 6(b) denies the Court the power to enlarge the time for the filing of a motion under Rule 59(e). The additional three days provided by Rule 6(e) do not apply to judgments which are not the subject of "service," whether or not the mails were used to transmit the judgment from the Clerk to a party. *Flint v. Howard*, 464 F.2d 1084, 1087 (1st Cir.1972). See *Reynolds v. Hunt Oil Co.*, 643 F.2d 1042, 1043 (5th Cir.1981).

█ There is a further reason why the motion under Rule 59(e) must be dismissed. It is not a motion under Rule 59(e). It is being used by plaintiff simply as a means to reargue matters already argued and disposed of and to put forward additional arguments which it could have made but neglected to make before judgment. Such motions are not properly classifiable as being motions under Rule 59(e). *Johnson v.*

*City of Richmond,* 102 F.R.D. 623 (E.D.Va. 1984).

█ The fact that neither the Attorney General nor the United States Attorney, representing the two defendants, raised the issues above considered, does not alter the decision since it is based upon the lack of power in the Court to consider the motion rather than a question of discretion.

Plaintiffs further move the Court to continue an injunction maintaining the status quo pending appeal. This action has been pending since 24 February 1984. I granted a temporary restraining order and by agreement of the parties the temporary restraining order was extended until a final determination on the merits, which occurred on 29 June. It is now the middle of August and the litigation goes on. I have no control over expediting appeals nor do I have any control over the docket of the Court of Appeals. If past history is a guide it generally takes better than a year for an issue such as this one to be decided by the Court of Appeals. Thus we are looking at roughly a year and a half of payments out of the public purse which, so far as I can see, are payments unauthorized by law and contrary to what I deem to be the will of Congress.

█ When the issue is in doubt the law specifically provides a maintaining of the status quo by entry of temporary restraining orders and preliminary injunctions. Fed.R.Civ.P. 65. The law also provides for the granting of injunctions pending appeals. Fed.R.Civ.P. 62(c). But the criteria for exercising discretion pending appeal are not the same as those appropriate to the granting of a temporary restraining order or a preliminary injunction. As set forth in *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir.1970):

> [A] party seeking a stay [pending appeal] must show (1) that he would likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.

I am not sure how to apply criterion (1). To think plaintiffs were "likely" to obtain a reversal on appeal would require that I think the Court of Appeals would *not* apply the law. While it is surely *possible* for the Court of Appeals to determine that the law is not a wise and beneficient one and therefore should not be enforced I surely cannot assume that it is "likely" that the law is not a wise and beneficent view of the law may not be correct but I do not believe it is *likely* that my view of the law in this case is incorrect. In sum, I do not think it likely that plaintiffs will prevail on appeal.

In the balancing procedure required for considering a motion for a temporary restraining order, I found that plaintiffs would suffer irreparable harm if the order were not entered. I continue to be of that view. But having determined that the law does not permit funding of persons situated as are plaintiffs (until they qualify) I am no longer prepared unqualifiedly to find irreparable harm. To do so now would be to accept that the difference between plaintiffs' condition under the law prior to the adoption of the amendments which are the subject of this litigation, and their post-amendment condition somehow defines irreparable harm. Stated differently, it assumes that plaintiffs will suffer irreparable harm into the indefinite future so long as the new laws adopted by Congress and enforced by the defendant remain in effect. With all the notice plaintiffs have had of the impending implementation, the immediacy of "irreparable harm" does not exist.

It further appears to me that plaintiffs' remedy is at hand and is wholly, or almost wholly, within their control. They must sell the offending asset and they will then have cash to provide their basic needs and when the cash runs out they will be eligible for AFDC. The fact that Congress has directed that new rules apply and the defendants have complied with that directive does not divest plaintiffs of any "right" which can be called in equity, "irreparable injury." After all, *aequitas sequitur legem.*

All agree that the defendants will be substantially harmed by granting the stay. The measure of the thousands of dollars has not been presented to me but it cannot be doubted that the sum is substantial and the longer the stay is imposed the more substantial the sum will become each month.

The public interest will be served by having the will of Congress worked. Were I to grant the stay after having determined that Congress intended the procedure to be altered, it seems to me that I would merely be substituting my view of the public interest for that of the Congress. I recognize that *Long v. Robinson* specifically provides that the court shall weigh the public interest. I cannot abdicate that responsibility. But surely I can look to an Act of Congress as a strong indication as to where the public interests lie.

Thus, weighing the *Long* criteria I find no proper basis for granting plaintiffs' motion for a stay pending appeal.

There is one further matter that must be mentioned. Subsequent to the entry of judgment in this case Congress enacted and the President signed into law the Deficit Reduction Act of 1984 which contains Section 2626 dealing with the specific problems presented by the parties in this case. As I read the amendment, it confirms me in my view that the change in the law perceived by defendant Heckler and defendant Lukhard was the change intended by Congress. Congress earlier passed the legislation in issue. Plaintiffs here and elsewhere voiced their discontent. Congress heard their cry and changed the law. Upon reconsideration Congress decided that the earlier legislation was more drastic than was desirable and Congress drew back from the full effects of its previous enactment. But in so doing Congress did not alter the aspect of the rule here complained of despite the fact that it clearly had caught Congress' attention.

The effective date of the enactment is 1 October 1984 and some of the harshness complained of by plaintiffs will be relieved. Whether the defendants voluntarily wish to

continue the status quo until 1 October in order to avoid administrative changes and in order to minimize disruption to plaintiffs is not before me and is not, it seems to me, a proper consideration for the Court.

The motion for a stay pending appeal is DENIED. The motion purporting to be a motion under Rule 59(e) to alter or amend the judgment will be DISMISSED.

And it is so ORDERED.