**FUNDICAO TUPY S.A., and Tupy American Foundry Corporation, Plaintiffs,**

v.

**The UNITED STATES, Defendant,**

and

**Cast Iron Pipe Fittings Committee, Defendant-Intervenor.**

**Court No. 86–06–00765.**

United States Court of International Trade.

Aug. 3, 1987.

---

Freeman, Wasserman & Schneider, Patrick C. Reed and Jerry Wiskin, New York City, for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, J. Kevin Horgan, Washington, D.C., for defendant.

Rose, Schmidt, Hasley & DiSalle, Peter Buck Feller and Lawrence J. Bogard, Washington, D.C., for defendant-intervenor.

Before WATSON, DiCARLO and TSOUCALAS, JJ.

## OPINION

PER CURIAM:

This action is before the Court on plaintiffs' motion for a preliminary injunction and defendant's order to show cause why the Court's temporary restraining order ("TRO") of July 22nd should not be dissolved. In accordance with our decision, which was delivered orally at the conclusion of the hearing on this matter on July 29th, plaintiffs' motion for a preliminary injunction is denied. Additionally, consistent with its terms, the temporary restraining order expired upon the denial of the motion for the preliminary injunction. Therefore, defendant's challenge to the validity of the restraining order is moot.

### Background

Plaintiffs have commenced an action contesting the final determinations of the International Trade Administration ("ITA" or "Commerce") and International Trade Commission underlying the antidumping order covering malleable cast iron pipe fittings from Brazil. *See* 51 Fed.Reg. 18,640 (May 21, 1986) (antidumping duty order); 51 Fed. Reg. 18,670 (May 21, 1986) (final affirmative injury determination); 51 Fed.Reg. 10,-897 (Mar. 31, 1986) (final affirmative dumping determination). Commerce's preliminary affirmative determination, 51 Fed. Reg. 1544 (Jan. 14, 1986), resulted, *inter alia*, in the suspension of liquidation of plaintiffs' entries and the requirement that cash deposits be posted. 19 U.S.C.

§ 1673b(d) (1982). Following publication of the antidumping order, unliquidated entries, or warehouse withdrawals for consumption, made on or after the date of publication of the preliminary determination were assessed with antidumping duties. 19 U.S.C. § 1673e(a) (1982). However, the calculation of actual—as opposed to estimated—dumping duties is to be performed during an administrative review of the dumping order. *See* 19 U.S.C. § 1675(a)(2) (1982 & Supp. III 1985). Under current law, an interested party must request that an administrative review be performed. 19 U.S.C. § 1675(a)(1) (1982 & Supp. III 1985). Notice was given that a request for review covering entries from January 14, 1986 to April 30, 1987 must be made by May 31, 1987. 52 Fed.Reg. 17,621 (May 11, 1987). Despite that notice, no party requested a review.

On July 22nd, plaintiffs appeared before the Court seeking a TRO and preliminary injunction preventing liquidation of entries that would have been the subject of the aforementioned administrative review. Judge Tsoucalas granted a TRO in order to preserve the *status quo* pending a hearing before the entire panel on plaintiffs' motion for injunctive relief.

### DISCUSSION

The four criteria for the granting of injunctive relief have frequently been stated, *see, e.g., Matsushita Elec. Indus. Co. v. United States*, 823 F.2d 505, 509 (Fed.Cir. 1987), and do not bear repetition here. Suffice it to state that since plaintiffs have failed to make a showing of immediate and irreparable harm absent the denial of the requested relief, we need not discuss the other criteria.

In 1984, 19 U.S.C. § 1675(a)(1) was amended to allow for administrative review of an antidumping order upon request. *See* Trade & Tariff Act of 1984, Pub.L. 98–573, § 611(a)(2), 98 Stat. 3031 (1984). Commerce has responded by promulgating regulations which provide in pertinent part:

(d) *Automatic assessment of duties.*

(1) For orders or findings, if the Secretary does not receive a timely request under paragraph (a)(1), (a)(2), (a)(3), or (a)(5) of this section, the Secretary, without additional notice, will instruct the Customs Service to assess antidumping duties on the merchandise described in paragraphs (b)(1) through (b)(3) of this section at rates equal to the cash deposit of (or bond for) estimated antidumping duties required on that merchandise at the time of entry, or withdrawal from warehouse, for consumption and to continue to collect the cash deposit previously ordered.

19 C.F.R. § 353.53a(d) (1986). Plaintiffs do not contest the validity of the regulation nor do they dispute that they were properly notified of the necessity of requesting a review. Instead, plaintiffs contend that they will suffer irreparable harm by virtue of the loss of judicial review as to entries which are liquidated pursuant to the above-cited regulation. In other words, the benefits of a judgment on the merits which is favorable to plaintiffs' position will not be applicable to those entries liquidated pursuant to § 353.53a(d). *See also* 19 U.S.C. § 1516a(c)(1) (1982) (providing that, unless enjoined by court order, entries be liquidated in accordance with the administrative determination until notice of a contrary judicial decision is published).

Had plaintiffs chosen to incur the expense of participating in an administrative review, the opportunity to obtain judicial review as to entries covered by that administrative proceeding could be protected. However, given the failure to seek such a review, § 353.53a(d), in effect, specifies the amount of the duties owed on the subject entries. Any harm, therefore, that plaintiffs may suffer if the entries are liquidated is undeniably the result of their failure to utilize the administrative remedy provided. *Cf. Zenith Radio Corp. v. United States*, 1 Fed.Cir. (T) 74, 78, 710 F.2d 806, 810 (1983) (the threat of liquidation constituted irreparable harm justifying injunctive relief where movant had participated in the administrative review process and was seeking to preserve the opportunity for judicial review of the results of that administrative review). The relevant statutory scheme contemplates that Commerce, in the first instance, be afforded an opportunity to review its determinations in the course of calculating actual dumping margins for a given period. Under the facts of this case, to grant the extraordinary remedy of an injunction would be to improperly reward plaintiffs' efforts to thwart that scheme. Accordingly, this Court will not exercise its injunctive power to rescue plaintiffs from the consequence of its decision not to initiate the administrative review process.

In light of the failure to demonstrate the threat of irreparable injury absent injunctive relief, plaintiffs' motion is denied.