**FUNDICAO TUPY S.A. and Tupy American Foundry Corporation, Plaintiffs–Appellants,**

v.

**The UNITED STATES and Cast Iron Pipe Fittings Committee, Defendants–Appellees.**

**No. 87–1570.**

United States Court of Appeals, Federal Circuit.

March 14, 1988.

Bernard J. Babb, Freeman, Wasserman & Schneider, New York City, argued for plaintiffs-appellants. With him on the brief were Jerry P. Wiskin and Patrick C. Reed.

A. Douglas Melamed, Wilmer, Cutler & Pickering, Washington, D.C., argued for amicus curiae, OKI Electric Industry Co., Ltd. With him on the brief were John D. Greenwald and Barry A. Spergel.

Elizabeth Seastrum, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellee, U.S. With her on the brief were Richard K. Willard, Asst. Atty. Gen. and David M. Cohen, Director. Also on the brief were Robert H. Brumley, Deputy Gen. Counsel, M. Jean Anderson, Chief Counsel for Intern. Trade and Craig L. Jackson, Office of the Deputy Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel.

Lawrence J. Bogard, Rose, Schmidt, Hasley & DiSalle, Washington, D.C., argued for defendant-appellee Cast Iron Pipe Fittings Committee.

Before FRIEDMAN, RICH and NIES, Circuit Judges.

NIES, Circuit Judge.

Fundicao Tupy S.A. and Tupy American Foundry Corporation (collectively "Tupy") appeal the United States Court of International Trade's order in *Fundicao Tupy S.A. v. United States,* 669 F.Supp. 437 (CIT 1987), denying Tupy's motion for a preliminary injunction to prevent the government from liquidating certain entries pending the court's decision on the merits of Tupy's challenge to the underlying Antidumping Duty Order. In view of the trial court's intervening judgment on the merits, we dismiss the appeal as moot.

## I

Tupy produces malleable, cast-iron pipe in Brazil and imports it to the United States. The Cast Iron Pipe Fittings Committee petitioned the United States Commerce Department's International Trade Administration ("Commerce") and the United States International Trade Commission ("Commission") for review of the imports, alleging that they injured a domestic industry. Commerce determined Tupy sold at less than fair value (LTFV). 51 Fed.Reg. 10,897 (March 31, 1986). The Commission determined injury to a domestic industry existed. 51 Fed.Reg. 18,670 (May 21, 1986). Accordingly, an Antidumping Duty Order issued. 51 Fed.Reg. 18,640 (May 21, 1986). Thereafter, Tupy's unliquidated entries were assessed antidumping duties and Tupy paid a deposit, based on the amount of estimated duties assessed, at the time of entry. Before the entries were liquidated, however, Tupy sought to enjoin liquidation pending the Court of International Trade's decision on the merits of Tupy's challenge to the underlying Antidumping Duty Order. That challenge asserted that Commerce's LTFV determination and the Commission's injury determination were each wrong.

The court sat as a three-judge panel (Watson, DiCarlo and Tsoucalas, JJ.) and denied Tupy's motion for a preliminary injunction, finding that Tupy had failed to

prove immediate and irreparable harm, one of the four factors considered in deciding whether to grant such an injunction. *See, e.g., Matsushita Elec. Indus. Co. v. United States*, 823 F.2d 505, 509 (Fed.Cir.1987) (reversing grant of preliminary injunction, because finding on irreparable harm factor clearly erroneous, without considering other three factors—likelihood of success on merits, balance of hardships, public interest). Noting that Judge Carman had granted a preliminary injunction upon similar facts in *OKI Electric Industry Co. v. United States*, 669 F.Supp. 480 (CIT 1987), decided after the panel's denial in *Fundicao Tupy S.A.*, the panel granted an injunction pending Tupy's appeal to this court of its decision to deny the preliminary injunction. Before we heard oral argument in the appeal, however, the same panel entered a final judgment in the case affirming the final determinations of Commerce and the Commission and dismissing Tupy's complaint. *Fundicao Tupy S.A. v. United States*, 678 F.Supp. 898 (CIT 1988).

## II

After initial briefing, the government called our attention to the Court of International Trade's final decision on the merits of the case and suggested that this appeal had become moot. Tupy advised us at the hearing that it had taken an appeal from the final judgment and argued that its request for a preliminary injunction should be deemed to encompass the appeal, in addition to the trial, noting its motion for a preliminary injunction sought relief "during the pendency of this action." Consequently, per Tupy, this interlocutory appeal had not become moot.

We cannot agree with Tupy's argument. "The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). Such an injunction is appropriate when the policy of preserving the court's power to decide the merits of a case outweighs the burden of imposing an interim restraint before it can do so. Thus,

although a preliminary injunction is usually not subject to a fixed time limitation, it "is *ipso facto* dissolved by a dismissal of the complaint or the entry of a final decree in the cause." 7 J. Moore, J. Lucas, & K. Sinclair, Jr., *Moore's Federal Practice* ¶ 65.07 at 65–114 to 65–115 (2d ed. 1987) (citation omitted). *See also Gaulter v. Capdeboscq*, 423 F.Supp. 823, 825–26 (E.D. La.1976) (preliminary injunction has no effect after trial on merits), *aff'd in part & remanded*, 594 F.2d 129 (5th Cir.1979) (affirming dissolution of injunction); 11 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2947 at 426–27 (2d ed. 1973) ("a preliminary injunction normally lasts until the completion of the trial on the merits, unless it is dissolved earlier"); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice & Procedure: Jurisdiction* § 3921 at 12–13 (1977) (issues arising from interlocutory injunction ruling may become moot by the time of final judgment).

The Court of International Trade has reached and decided the merits of Tupy's case. There is no longer any need to preserve the trial court's power to provide an effective remedy on the merits, which is the purpose of a preliminary injunction. Moreover, because an appeal has been taken, the trial court's jurisdiction is limited:

> The filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal [e.g., granting a stay to preserve the *status quo* pending the appeal, Fed. R.Civ.P. 62; Fed.R.App.P. 8], or to correct clerical mistakes under Rule 60(a) of the Federal Rules of Civil Procedure ..., or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals.

9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.11 at 3–44 to 3–47 (2d ed. 1986) (footnotes omitted). Appellant Tupy is pressing for this court to di-

rect the trial court to enter an injunction in a case over which the trial court is presently without jurisdiction. Plainly that relief is unavailable. Thus, we decline to decide whether the preliminary injunction should have been denied; the question is moot. Appellant Tupy's remedy, if any, lies in the post-judgment rules.

In view of the dismissal of this interlocutory appeal, the Court of International Trade's published order and opinion on the preliminary injunction issue, having been timely appealed but now unreviewable, has no precedential value. *Cf.* 13A C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3533.10 at 442 (2d ed. 1984) ("If the appellate court finds the dispute so far moot that review should be denied, the denial of review should automatically defeat any further consequences of the unreviewed judgment."). Because an appeal is pending from the final judgment, however, it would be inappropriate at this time to remand to the trial court with a direction to vacate its order.

### III

For the foregoing reasons, the appeal is dismissed.

DISMISSED.