**FUNDICAO TUPY S.A., and Tupy American Foundry Corporation, Plaintiffs,**

**v.**

**The UNITED STATES, Defendant,**

**and**

**Cast Iron Pipe Fittings Committee, Defendant–Intervenor.**

**Court No. 86–06–00765.**

United States Court of International Trade.

Sept. 12, 1988.

Freeman, Wasserman & Schneider, Patrick C. Reed and Bernard J. Babb, New York City, for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Dept. of Justice, Elizabeth C. Seastrum, Atty., Commercial Litigation Branch, Craig L. Jackson, Attorney–Adviser, International Trade Admin., U.S. Dept. of Commerce; and Edwin J. Madaj, Jr. Atty., Office of the Gen. Counsel, U.S. International Trade Com'n, Washington, D.C., for defendant.

Before WATSON, DiCARLO and TSOUCALAS, JJ.

## MEMORANDUM OPINION

WATSON, Judge:

In this opinion the Court denies plaintiffs' *Motion for Reconsideration* of this Court's Order of July 26, 1988 denying plaintiffs' *Motion to Modify Injunction Pending Appeal.*

### BACKGROUND

On August 11, 1988, plaintiffs filed the subject *Motion for Reconsideration* of the Court's Order of July 26, 1988 which denied their *Motion to Modify Injunction Pending Appeal* dated June 28, 1988. Plaintiffs allege that the Order of July 26 failed to comply with Rule 52(a) of the Rules of this Court.[1] Plaintiffs also allege that the Order conflicts with the recent decision in *Ipsco, Inc. v. United States*, 12 CIT ——, 692 F.Supp. 1368 (1988), which granted injunctive relief in a similar case.

Plaintiffs brought the underlying action contesting both the final determination of the International Trade Administration of the United States Department of Commerce ("ITA" or Commerce) and the final determination of the United States Interna-

---

[1]. Rule 52(a) of the Rules of this Court requires that "in granting or refusing interlocutory injunctions the court shall ... set forth the facts and conclusions of law which constitute the grounds of its action."

tional Trade Commission on the dumping of malleable cast iron pipe fittings from Brazil which caused material injury to a domestic industry.

On January 12, 1988, this Court entered a final judgment on the merits of the case affirming both determinations of the government. *See Fundicao Tupy S.A. v. United States*, 12 CIT ——, 678 F.Supp. 898 (1988).

Prior to that time, plaintiffs moved for a preliminary injunction to enjoin the automatic liquidation of entries made during the first post-order review period and which had become subject to the automatic assessment provision of § 751 of the Tariff Act of 1930, as amended (the "Act")[2] and the implementing § 353.53a(d) of Commerce's Regulations.[3]

The Court denied plaintiffs' motion for preliminary injunction in *Fundicao Tupy S.A. v. United States*, 11 CIT ——, 669 F.Supp. 437, 439 (1987) (*Tupy I*), holding that plaintiffs failed to show immediate and irreparable harm because "[a]ny harm ... that plaintiffs may suffer if the entries are liquidated is undeniably the result of their failure to utilize the administrative remedy provided." The Court accepted ITA's argument that under the 1984 amendment to § 751 of the Act, plaintiffs had the option to request an administrative review of the subject entries and thus prevent the alleged "irreparable harm" of automatic liquidation under 19 C.F.R. § 353.53a(d). The Court found that plaintiffs did not challenge the validity of the regulations, nor did they dispute "that they were properly notified of the necessity of requesting a

review" in order to prevent the automatic assessment of duties. *Id.*

The Court recognized the importance of the issues raised by plaintiffs' motion for injunctive relief and granted a certification for interlocutory appeal and a stay of its denial of the preliminary injunction pending appeal. *See Fundicao Tupy S.A. v. United States*, 11 CIT ——, 671 F.Supp. 27 (1987) (*Tupy II*). When this Court issued its final decision on the merits, however, the Court of Appeals for the Federal Circuit dismissed the interlocutory appeal of our denial of the preliminary injunction on the grounds of mootness. *See Fundicao Tupy S.A. v. United States*, 841 F.2d 1101 (Fed. Cir.1988). The stay of the decision denying the preliminary injunction in *Tupy I* pending the interlocutory appeal became *ipso facto* dissolved.

Plaintiffs appealed the final judgment on the merits and moved for a new stay pending appeal. We granted plaintiffs' motion for a second stay under Rule 62 of the Rules of this Court to preserve the *status quo*. *See Fundicao Tupy S.A. v. United States*, 12 CIT ——, Slip Op. 88–32 (Mar. 16, 1988) (*Tupy III*) [available on WESTLAW, 1988 WL 24558].

On June 28, 1988, plaintiffs moved to expand the scope of the stay granted in *Tupy III* to include entries made during the *second* review period. These new entries became subject to automatic liquidation, because plaintiffs once again failed to request an administrative review for these new entries. The Court denied that motion in its Order entered without an opinion on July 26, 1988.

---

**2.** 19 U.S.C. § 1675(a) in pertinent part provides:

(1) **In general** At least once during each 12–month period beginning on the anniversary of the date of publication of ... an antidumping duty order ..., the administering authority, *if a request for such a review has been received and after publication of notice of such review in the Federal Register, shall—*

  (B) review, and determine ... the amount of any antidumping duty ...

and shall publish the results of such review, together with notice of any duty to be assessed, estimated duty to be deposited, or investigation to be resumed in the Federal Register.

**3.** 19 C.F.R. § 353.53a(d)(1) provides:

For orders or findings, if the Secretary does not receive a timely request under paragraph (a)(1), (a)(2), (a)(3), or (a)(5) of this section, the Secretary, without additional notice, will instruct the Customs Service to assess antidumping duties on the merchandise described in paragraphs (b)(1) through (b)(3) of this section at rates equal to the cash deposit of (or bond for) estimated antidumping duties required on that merchandise at the time of entry, or withdrawal from warehouse, for consumption and to continue to collect the cash deposit previously ordered.

## DECISION

■] The Court finds that Rule 52(a) of the Rules of this Court does not apply to its Order of July 26, 1988, denying plaintiffs' motion to modify the stay. That order does not dispose of an "interlocutory injunction", but is a discretionary action under Rule 62 of the Rules of this Court which is entitled *Stay of Proceedings to Enforce a Judgment.* Rule 62(c) in pertinent part states that:

> the court *in its discretion* may suspend, modify, restore, or grant an injunction during the pendency of the appeal
> . . .

(emphasis added). In its Order of July 26, 1988, this Court did not choose to either "suspend, modify, restore, or grant an injunction", but chose to refrain from exercising its discretion to do so for the reasons described below.

■] With regard to plaintiffs' allegation that the Order's compliance with Rule 52(a) is necessary in order to facilitate its appellate review, we conclude that, unlike a decision to grant or deny an "interlocutory" injunction subject to Rule 52(a), the discretionary Order of the Court denying a stay pending appeal of the final judgment is not subject to appellate review. Instead, considering the circumstances of this case, we believe that the Order dated July 26, 1988, entitles plaintiffs to seek the injunctive relief in the Court of Appeals as the court of first instance.

■ The four criteria of preliminary injunctions are widely utilized by the courts in determining whether to grant a stay of their own final judgments pending appeal. The weight and the legal effect of the four criteria in the context of a discretionary stay pending appeal of the final judgment, however, are substantially different. In *Davis v. Lukhard,* 106 F.R.D. 317 (E.D.Va. 1984), the court denied a motion for stay pending appeal, stating that:

> the criteria for exercising discretion pending appeal are not the same as those appropriate to the granting of a temporary restraining order or a preliminary injunction.

*Id.* at 318. With regard to the criteria of the likelihood of prevailing on the merits, the *Davis* court stated *that,* after having determined the merits of the case,

> [t]o think plaintiffs were 'likely' to obtain a reversal on appeal would require that I think the Court of Appeal would *not* apply the law.

*Id.* at 319 (emphasis in original). Similarly, after having determined the impact intended by the applicable law, the court was unable to find "irreparable harm" where the intent of the law

> assumes that plaintiffs will suffer irreparable harm in the indefinite future so long as the new laws adopted by Congress and enforced by the defendant remain in effect. With all the notice plaintiffs have had of the impending implementation, the immediacy of 'irreparable harm' does not exist.

*Id.* Finally, with regard to the "public interest" criterion, the court determined that:

> The public interest will be served by having the will of Congress worked. Were I to grant the stay after having determined that Congress intended the procedure to be altered, it seems to me that I would merely be substituting my view of the public interest for that of the Congress.

*Id.*

*Davis* reflects the highly discretionary nature of a court's decision to grant a stay pending appeal of its final judgment. This widely held view that a stay cannot be granted unless a movant can show the probability of success on appeal, however, is not followed by other courts. *See Ruiz v. Estelle,* 650 F.2d 555 (5th Cir.1981).

In *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843–44 (D.C.Cir.1977), the court held:

> The court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, as in this case, may grant a stay *even though its own approach may be contrary to movant's view* . . .

An order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant.

(emphasis added).

Similarly, by granting the stay pending appeal of the final judgment in *Tupy III*, we did not adhere to so strict a standard as to require showing that plaintiffs' position is likely to prevail on appeal. Consequently, we did not repudiate our decision in *Tupy I* that plaintiffs were not entitled to injunctive relief when we granted the stay. Moreover, a decision to grant a stay pending appeal under Rule 62(c) may not procedurally be interpreted to overrule the Court's previous decision to deny a preliminary injunction under Rule 65(a). These are two procedurally different and independent decisions of this Court.

■ It is not disputed that pursuant to Rule 65(d) the application for a preliminary injunction and its denial by the Court were limited in scope to the entries of the subject merchandise which were made during the first post-order review period. The subsequent stays pending appeal were also limited to the first review period. Plaintiffs may not sidestep an application for a new injunction with regard to the entries made during a second review period by seeking to modify the previous stay, because there is no outstanding decision which could be stayed with regard to these new entries.

Furthermore, by denying the preliminary injunction for failure to request an administrative review in the first review period in *Tupy I*, we did not adhere to the view that liquidation of *all* post-order entries may be enjoined pending the disposition of a court action challenging the validity of an original order, but held that plaintiffs were required to request an administrative review to preclude liquidation of the new entries. That conclusion is the law of this case until the Court of Appeals determines to the contrary, notwithstanding the subsequent decisions in *Oki Elec. Indus. Co. v. United States*, 11 CIT ——, 669 F.Supp. 480

(1987) and *Ipsco Inc. v. United States*, 12 CIT ——, 692 F.Supp. 1368 (1988).

In granting the stay pending interlocutory appeal in *Tupy II*, this Court recognized the confusion created by the 1984 amendment to § 751 of the Act and the conflict between our decision in *Tupy I* and *Oki*.

In *Oki*, which was followed by *Ipsco*, the court concluded that it would be improper to require plaintiffs to request a new administrative review as a condition precedent to obtain an injunctive relief in an action challenging the original order. *Oki* stated that in view of the legislative history and congressional intent of the 1984 amendment to § 751 of the Act to avoid unnecessary reviews,

> [t]o hold otherwise would presumably result in the increase of more unnecessary 751 reviews as importers will undoubtedly request 751 reviews simply to preserve their rights and avoid the automatic assessment provisions of the regulation.

*See Oki, supra*, at 486.

In *Tupy I*, which was issued shortly before *Oki*, this Court found that the law *does* require parties to request a review when they are less than satisfied with the impending automatic liquidation of their entries. The 1984 amendment to § 751 of the Act allowed parties to avoid the unnecessary 751 reviews when they are satisfied with the current status of their incoming entries. The legislative history of the 1984 amendment to the Act, however, is completely silent with regard to whether interested parties must request an administrative review in order to voice their dissatisfaction on the administrative level, even though they have judicially challenged the agency's previous determination that became the basis of the automatic liquidation of their subsequent entries. The question still remains as to when an administrative review is "unnecessary," and whether it was reasonable for Commerce to assume that plaintiffs' failure to request a review of the post-order entries indicated their *per se* satisfaction with automatic assessment of their new entries by operation of 19 C.F.R. § 353.53a(d).

Similarly, there is no indication in the legislative history that the 1984 amendment intended to change the existing statutory scheme which separates each administrative review period into an independent cause of action subject to a separate judicial review. None of these controversial issues have been addressed by the Court of Appeals, because the interlocutory appeal of this Court's decision in *Tupy I* became moot when we issued the final decision on the merits. The need for resolution of these issues became renewed by plaintiffs' appeal of the final judgment and by the impending automatic liquidation of the new entries of the merchandise which were made during the second administrative review period.

We recognize that pursuant to Rule 62(c) of the Rules of this Court and Rule 8(a) of the Federal Rules of Appellate Procedure ("FRAP"), this Court has the power to grant or deny a new injunction for these new entries independently of the previous stay. We believe that in this particular case, however, plaintiffs are entitled to seek that relief directly from the Court of Appeals, because this Court has previously denied plaintiffs' motion for an identical injunction with regard to the entries from the first review period in *Tupy I*.

Since the Court of Appeals has now assumed jurisdiction over this matter, we do not believe that it would be appropriate for this Court to conduct an intra-court review of its previous decision by revisiting these issues [4].

Rule 8(a) of FRAP directs the appellants to seek relief in the lower court first. At the same time, the rule further provides that:

> A motion for such [injunctive] relief may be made to the court of appeals or to a judge thereof, but the motion shall show that application to the district court for the relief sought is not practicable, or that the district court denied an application

---

[4]. For an overview of the interplay between F.R. Civ.P. 62(d), which is identical to Rule 62(c) of the Rules of this Court, and Rule 8(a) of FRAP,

In *Benford v. American Broadcasting Cos., Inc.*, 36 Fed.R.Serv.2d (Callahan) 1368 (D.Md.1983), the court denied an application for a stay of the fine imposed by the court's contempt order finding that the application attempted to reargue the same issues which were disposed of by the underlying order. The *Benford* court concluded that:

> under the circumstances, and particularly because an appeal has now been filed, if a stay is to be imposed, it would more properly be ordered by the United States Court of Appeals ...

*Id.* at 1369.

### CONCLUSION

We conclude that in view of our decision in this case to deny a similar injunction in *Tupy I*, it is not practicable for plaintiffs to seek the same relief in this Court. In addition, the Order of this Court dated July 26, 1988, entitles plaintiffs to seek the injunctive relief directly from the Court of Appeals.

For these reasons and upon reading and filing plaintiffs' motion for reconsideration; upon the response of defendant; upon all papers and proceedings had herein, and upon due deliberation, it is hereby

ORDERED that the plaintiffs' motion be, and it hereby is, denied; and it is further

ORDERED that the Temporary Restraining Order which was issued by the Court pending disposition of this motion will be extended for a period of ten days from the date of this decision.

This Order shall be effective immediately.

SO ORDERED.

DiCARLO, Judge., dissenting:

Having reconsidered the order entered on July 26, 1988, I would grant plaintiffs' motion to modify an injunction, pending appeal, against liquidation of merchandise entered during the first review period to

*See Betts v. Coltes*, 449 F.Supp. 751 (D.Haw. 1978).

include merchandise entered during a second annual review period.

## BACKGROUND

The International Trade Administration of the United States Department of Commerce (Commerce) and the United States International Trade Commission (Commission) determined that pipe fittings from Brazil are being sold in the United States at less than fair value and that these sales are materially injuring a United States industry. *Antidumping Duty Order: Malleable Cast Iron Pipe Fittings From Brazil,* 51 Fed.Reg. 18,640 (May 21, 1986). Plaintiff filed an action in this Court to challenge the Commerce and Commission determinations.

After the antidumping order was published, unliquidated entries and warehouse withdrawals for consumption made on or after the date of publication of the preliminary determination were assessed with estimated antidumping duties. 19 U.S.C. § 1673e(a) (1982). Actual dumping duties are calculated during a section 751 administrative review of the dumping order. Under current law, an interested party must request an administrative review in the anniversary month of the publication of the antidumping duty order. 19 U.S.C. § 1675(a)(1) (1982 & Supp. IV 1986). If no review is requested, a Commerce regulation provides for the unliquidated entries and warehouse withdrawals for consumption to be liquidated at the estimated antidumping duty rate. 19 C.F.R. § 353.53a(d)(1) (1988). *See also* Horlick & DeBusk, *Commerce Procedures Under Existing and Proposed Antidumping/Countervailing Duty Regulations,* 22 Int'l Law. 99, 117–18 (1988). Entries, once liquidated, are no longer subject to the effect of a subsequent judicial decision. *See* 19 U.S.C. § 1516a(c)(1), (e) (1982).

In the May 11, 1987 *Federal Register,* Commerce published notice that pursuant to 19 C.F.R. §§ 353.53a and 355.10 (1987), any interested party could request an administrative review of the antidumping order on pipe fittings from Brazil imported into the United States in the period from January 14, 1986 to April 30, 1987. *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review,* 52 Fed.Reg. 17,621 (May 11, 1987).

No party requested an administrative review of this first review period. Rather, plaintiffs asked this Court to enjoin liquidation of the entries made during the first review period. In their motion for an injunction, plaintiffs did not challenge the validity of 19 C.F.R. § 353.53a(d), which is the regulation providing for the automatic assessment of antidumping duties at the estimated duty rate. On August 3, 1987 the Court denied the motion for a preliminary injunction:

> The relevant statutory scheme contemplates that Commerce, in the first instance, be afforded an opportunity to review its determinations in the course of calculating actual dumping margins for a given period. Under the facts of this case, to grant the extraordinary remedy of an injunction would be to improperly reward plaintiffs' efforts to thwart that scheme. Accordingly, this Court will not exercise its injunctive power to rescue plaintiffs from the consequence of its decision not to initiate the administrative review process.

*Fundicao Tupy S.A. v. United States,* 11 CIT ——, 669 F.Supp. 437, 439 (1987) (*Tupy I*). In denying the preliminary injunction, *Tupy I* found that any "immediate and irreparable harm" resulted from plaintiffs' failure to employ the available administrative remedy. *Id.*

On August 28, 1987, another judge of this Court granted a preliminary injunction in a case with similar facts. *Oki Elec. Indus. Co. v. United States,* 11 CIT ——, 669 F.Supp. 480 (1987). *Oki* held that importers did not need to request an administrative review in order to obtain an injunction against liquidation. *Oki* did not address the decision in *Tupy I. Oki* was not appealed.

Faced with a split of authority within the Court of International Trade, the Court granted an injunction pending plaintiffs' appeal of the denial of the injunction in

*Tupy I. Fundicao Tupy S.A. v. United States*, 11 CIT ——, 671 F.Supp. 27 (1987) (*Tupy II*).

The merits of this case were decided on January 12, 1988. *Fundicao Tupy S.A. v. United States*, 12 CIT ——, 678 F.Supp. 898 (1988) (*Tupy III*), *appeal docketed,* No. 88–1233 (Fed.Cir. Jan. 12, 1988). *Tupy III* affirmed the determinations of both Commerce and the Commission. Plaintiffs appealed *Tupy III* on January 12, 1988 and moved to enjoin liquidation of entries made during the first review period pending that appeal.

On March 14, 1988, the Court of Appeals for the Federal Circuit dismissed on grounds of mootness the appeal from *Tupy I* and declared that *Tupy I* should have no precedential value. *Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1104 (Fed. Cir.1988). However, the Federal Circuit maintained the *status quo* by stating that because an appeal is pending from *Tupy III*, "it would be inappropriate at this time to remand to the trial court with a direction to vacate its order." *Id.*

On March 16, 1988, this Court granted plaintiffs motion for an injunction pending appeal of *Tupy III*. *Fundicao Tupy S.A. v. United States*, 12 CIT ——, Slip Op. 88–32 (Mar. 16, 1988) (*Tupy IV*).

The time then arrived to request reviews of merchandise imported during the second review period, May 1, 1987 to April 30, 1988. Notice was again published in the *Federal Register* that, in accordance with 19 C.F.R. §§ 353.53a and 355.10, administrative reviews would have to be requested not later than May 31, 1988. *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review,* 53 Fed.Reg. 16,178 (May 5, 1988). The notice advised that if no review was requested, Commerce would instruct the Customs Service to assess antidumping duties on the Brazilian entries

> at a rate equal to the cash deposit of (or bond for) estimated antidumping or countervailing duties required on those entries at the time of entry, or withdrawal from warehouse, for consumption and to continue to collect the cash deposit previously ordered.
>
> This notice is not required by statute, but is published as a service to the international trading community.

53 Fed.Reg. at 16,179. Plaintiffs did not request Commerce to initiate an administrative review before the May 31, 1988 deadline. Instead, plaintiffs moved on June 28, 1988 to modify the injunction pending appeal issued in *Tupy IV* to include the second review period.

On July 21, 1988, yet another judge of the Court of International Trade lined up with *Oki* and held that it is not necessary for interested parties to request an administrative review in order to preserve their rights to an injunction. *Ipsco, Inc. v. United States*, 12 CIT ——, 692 F.Supp. 1368 (1988).

In an order entered July 26, 1988, this Court denied plaintiffs' motion to extend *Tupy IV* to include the second review period. Invoking Rule 52 of the Rules of this Court and the renewed split of authority after *Ipsco*, plaintiffs move for reconsideration of the July 26, 1988 order.

On September 6, 1988, another case ruling on a motion for an injunction against liquidation of merchandise entered in subsequent review periods found that the Court of International Trade possesses the equitable jurisdiction to fashion narrow stays in order to preserve the *status quo* pending an appeal. *Algoma Steel Corp. v. United States*, 12 CIT ——, 696 F.Supp. 656 (1988). Exercising its discretion, *Algoma* denied an injunction as to the first review period but enjoined the United States from issuing liquidation instructions to the Customs Service as to the second review period.

## DISCUSSION

Plaintiffs did not request an administrative review of merchandise entered during the second review period, but rather moved to modify the existing injunction now covering merchandise entered during the first review period. The majority indicates that plaintiffs have used the wrong procedure

and should have instead applied for a preliminary injunction:

> Plaintiffs may not sidestep an application for a new injunction with regard to the entries made during a second review period by seeking to modify the previous stay, because there is no outstanding decision which could be stayed with regard to these new entries.

*Supra,* at 1529. The majority thus expresses a view that this Court cannot extend the existing injunction to cover the second review period.

Although the majority admonishes plaintiffs to apply for a preliminary injunction, the majority also indicates that if plaintiffs had applied for a preliminary injunction, the majority would repeat the holding in *Tupy I* and deny the motion. While the majority would apparently require plaintiffs to pursue a possibly vain action, a motion for a preliminary injunction for the second review period would bring the Court to squarely reconsider *Tupy I* in light of arguments, not made before the Court in *Tupy I,* that Congress never intended to require importers to request substantially meaningless but expensive administrative reviews. For example, it would be meaningless for Commerce to conduct an administrative review of the dumping margins that Commerce found when the importers only complaint is with the material injury determination made by the Commission.

I disagree that the Court cannot modify the injunction against liquidation of merchandise entered during the first review period in the absence of a motion for a preliminary injunction. There is no need for an importer to apply for a *preliminary* injunction when the merits of the case have already been decided. A preliminary injunction is a procedural device which is interlocutory in nature and which is designed to preserve the existing status of the litigants until a determination can be made on the merits of the controversy. *Black's Law Dictionary* 1062 (5th ed.1979). The plaintiffs seek an injunction pending appeal. I see no great substantive difference between a separate injunction pending appeal and modifying an existing injunction

pending appeal. When the Federal Circuit dismissed the appeal from *Tupy I,* it expressed its desire to preserve the *status quo* pending plaintiffs' appeal of the merits because the Federal Circuit did not remand to this Court with direction to vacate. *Fundicao Tupy S.A. v. United States,* 841 F.2d 1101, 1104 (Fed.Cir.1988).

As in *Tupy IV,* the Court has jurisdiction to enjoin liquidation of merchandise entered in subsequent review periods pending appeal of the merits. *See also Algoma Steel Corp. v. United States,* 12 CIT ——, 696 F.Supp. 656 (1988) (where the Court fashioned a limited injunction pending appeal as to merchandise entered in a second review period even though the importers did not first apply for a preliminary injunction).

In *Tupy IV,* the Court followed *Tupy II* and granted an injunction pending appeal after considering the four factors: (1) whether there is a likelihood of success on the merits; (2) whether the applicant will be irreparably injured; (3) whether other parties will be substantially injured; and (4) where the public interest lies. *See also Hilton v. Braunskill,* —— U.S. ——, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Tupy II,* 11 CIT at ——, 671 F.Supp. at 29–30.

I find that none of the four factors have weakened in the application to·modify the injunction pending appeal. In fact, the first factor has strengthened in favor of extending the injunction pending appeal because of the line of decisions holding that interested parties do not need to request administrative reviews to preserve their rights to an injunction against liquidation of merchandise entered in subsequent review periods.

I would grant plaintiffs' motion to modify the injunction pending appeal to include merchandise entered during the second review period, without requiring plaintiffs to apply for that relief from the Federal Circuit. As the majority recognizes, Rule 8(a) of the Federal Rules of Appellate Procedure provides that a motion to modify an injunction during the pendency of an appeal must ordinarily be made in the first

instance in the district court. Rule 8(a) of the Federal Rules of Appellate Procedure works to advance cases through crowded appellate dockets. Other cases may be better suited to bring the issue before the Federal Circuit.