**LMI–LA METALLI INDUSTRIALE, S.p.A., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**and**

**American Brass, et al., Defendants–Intervenors.**

**Court No. 87–03–00560.**

United States Court of International Trade.

Aug. 7, 1989.

Barnes, Richardson & Colburn, David O. Elliott and Josephine Belli, New York City, for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, M. Martha Ries, U.S. Dept. of Commerce, Office of Chief Counsel for In-

ternational Trade, Robert E. Nielsen, Washington, D.C., for defendant.

Collier, Shannon & Scott, Jeffrey S. Beckington, David A. Hartquist, and Carol A. Mitchell, Washington, D.C., for defendants-intervenors.

DiCARLO, Judge:

An Italian manufacturer of brass sheet and strip, LMI—La Metalli Industriale, S.p.A (LMI), moves pursuant to Rules 62(a) and 62(c) of the Rules of this Court to enjoin liquidation of "any and all entries" of brass sheet and strip imported from Italy and manufactured by LMI, which are covered by the *Antidumping Duty Order; Brass Sheet and Strip from Italy,* 52 Fed. Reg. 6997 (Mar. 6, 1987), *amended,* 52 Fed. Reg. 11,299 (Apr. 8, 1987). LMI seeks this injunction against liquidation pending appeal of this Court's decision in *LMI—La Metalli Industriale, S.p.A. v. United States,* 13 CIT ——, 712 F.Supp. 959 (1989), which affirmed the antidumping duty order's underlying dumping and material injury determinations by the International Trade Administration of the United States Department of Commerce and the United States International Trade Commission.

The Court denies the injunction pending appeal for entries made during the first review period because an administrative review is pending and the plaintiff acknowledged that there is no irreparable injury since liquidation of those entries is already administratively suspended and the plaintiff will have adequate opportunity, if necessary, to challenge the administrative review results or otherwise move for injunctive relief when the review is complete. The motion for an injunction pending appeal for entries made during the second annual review period was withdrawn since Commerce had already issued liquidation instructions to Customs three months earlier. The Court denies the injunction pending appeal for the third administrative review period because the plaintiff again conceded after discussion that there is no irreparable injury since it will have other adequate opportunities, if necessary, to move for injunctive relief at a later date.

## BACKGROUND

The antidumping duty order provides that "all unliquidated entries, or warehouse withdrawals, for consumption of brass sheet and strip from Italy made on or after August 22, 1986 ... will be liable for possible assessment of antidumping duties." 52 Fed.Reg. at 6997–98. August 22, 1986 is the date when Commerce published its preliminary determination of sales at less than fair value.

Antidumping duties are not assessed at the deposit rate established by Commerce in the final determination of sales at less than fair value. That rate reflects the dumping margin for merchandise entered, typically, during a period of at least 150 days prior to the filing of the petition until one month after the filing of the petition. Normally, those entries have already been liquidated without antidumping duties. The dumping margin or rate established in the final determination serves as a basis for the posting of bonds and collection of cash deposits of estimated duties on merchandise which enters after the preliminary affirmative determination and is subject to suspension of liquidation.

Usually, only merchandise entered on or after the date of publication of a preliminary affirmative determination is subject to the assessment of antidumping duties. 19 U.S.C. §§ 1673b(b) and 1673f(a). Actual dumping duties are calculated during an administrative review of a dumping order. An interested party must request an administrative review in the anniversary month of the publication of the antidumping duty order. 19 U.S.C. § 1675(a)(1) (1982 & Supp. V 1987). If no review is requested, a Commerce regulation provides for the unliquidated entries and warehouse withdrawals for consumption to be liquidated at the estimated antidumping duty rate. 19 C.F.R. § 353.53a(d)(1) (1988). *See also* Horlick & DeBusk, *Commerce Procedures Under Existing and Proposed Antidumping/Countervailing Duty Regulations,* 22 Int'l Law. 99, 117–18 (1988). Entries, once liquidated, are no longer subject

to the effect of a subsequent judicial decision. *See* 19 U.S.C. § 1516a(c)(1), (e) (1982).

### A. *First Administrative Review*

While the *LMI* litigation was pending, the domestic petitioners asked Commerce to initiate an administrative review of the antidumping duty order, which Commerce commenced for entries made between August 22, 1986 and February 29, 1988. 53 Fed.Reg. 15,083 (Apr. 27, 1988). That review is pending, and entries subject to this review continue to be suspended until publication of the final results. Absent an injunction, these entries will be liquidated at the rate, if any, determined upon completion of this first administrative review.

### B. *Second Administrative Review*

Commerce published notice of the opportunity to request an administrative review for a second review period, covering entries from March 1, 1988 through February 28, 1989. 54 Fed.Reg. 8372 (Feb. 28, 1989). Neither the domestic industry nor LMI requested an administrative review for this second period, and Commerce issued instructions to the United States Customs Service on May 10, 1989 to liquidate entries for this period at the final amended cash deposit rate established by the antidumping duty order on April 8, 1987. *Defendant's Opposition to Plaintiff's Motion for an Injunction Pending Appeal,* exhibit 1.

### C. *Third Administrative Review*

An announcement to request an administrative review for the third review period covering March 1, 1989 through February 28, 1990 will not be published in the *Federal Register* until February or March of 1990.

### DISCUSSION

#### A. *No Prior Injunction Was Sought*

█ Defendant–Intervenors state that the plaintiff's motion should be denied because the rules of this Court do not permit a party to obtain an injunction pending appeal without first seeking an injunction during the lower court proceeding.

Rule 62(c) of the Rules of this Court sets forth the requirements for an injunction pending appeal:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

The defendant-intervenors argue that this rule requires that a party attempt to obtain an injunction during the lower court proceeding before seeking an injunction pending appeal. They state that LMI's failure to seek an injunction during the lower court proceeding should now bar it from seeking an injunction pending appeal.

LMI's motion for an injunction pending appeal is properly made in the first instance in this Court under Rule 8(a) of the Federal Rules of Appellate Procedure. The Federal Appellate Rule provides in part that:

> Application for a stay of the judgment or order of a district court pending appeal ... *or* for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court.

The disjunctive language in Rule 8(a) of the Federal Rules of Appellate Procedure does not require a party seeking an injunction pending appeal to have previously sought an injunction during the pendency of the district court litigation. The Court finds that it may exercise its equitable powers to grant an injunction pending appeal even when a party has not previously sought an injunction during the pendency of litigation in the Court of International Trade. This interpretation is supported by Rule 1 of the Rules of the Court of International Trade, which provides that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

## B. *First Review Period*

■ The government argues that the Court may not exercise its equitable powers to grant LMI's motion, which the government interprets as an attempt to "bootstrap" onto a pending action which is properly before the United States Court of Appeals for the Federal Circuit an independent cause of action concerning the liquidation of first review period entries which are subject to a continuing administrative review and future review periods for which the time for requesting administrative reviews has not yet arrived.

There is a split of authority within the Court of International Trade as to whether an administrative review must be requested in order for a party to obtain an injunction against liquidation. Some cases have held that an administrative review must be requested. *Fundicao Tupy S.A. v. United States*, 12 CIT ——, 696 F.Supp. 1525 (1988); *Fundicao Tupy S.A. v. United States*, 11 CIT ——, 669 F.Supp. 437 (1987), *appeal dismissed as moot*, 841 F.2d 1101 (Fed.Cir.1988). *See also British Steel Corp. v. United States*, 10 CIT 661, 647 F.Supp. 928 (1986) (application for preliminary injunction), *appeal dismissed as moot*, No. 87–1050 (Fed.Cir. Mar. 31, 1987). Other cases have held that a party need not request a review in order to obtain an injunction. *Ipsco, Inc. v. United States*, 12 CIT ——, 692 F.Supp. 1368 (1988); *OKI Elec. Indus. Co. v. United States*, 11 CIT ——, 669 F.Supp. 480 (1987); *British Steel Corp. v. United States*, 10 CIT 716, 649 F.Supp. 78 (1986) (injunction pending appeal). *See also Fundicao Tupy S.A. v. United States*, 12 CIT ——, 696 F.Supp. 1525, 1530–34 (1988) (DiCarlo, J., dissenting). Yet another case found that a party who did not request an administrative review was not entitled to an injunction against liquidation, but could enjoin Commerce from issuing liquidation instructions to Customs. *Algoma Steel Corp., Ltd. v. United States*, 12 CIT ——, 696 F.Supp. 656, 661 (1988). The uncertainty in the law is a cause of great concern to importers and domestic producers who must gamble as to whether to request an administrative review and incur the tremendous expenses of perhaps unnecessary administrative proceedings.

Since an administrative review has been requested for this first review period, the jurisdictional problem of whether to request a review is not present. The jurisdictional issue raised is whether the Court may enjoin liquidation of entries that are subject to a pending administrative review.

Since the Court finds that a denial of an injunction is required on the merits, the Court declines to resolve with haste the questions raised concerning the scope of its jurisdiction and equitable powers. *See Secretary of the Navy v. Avrech*, 418 U.S. 676, 677–78, 94 S.Ct. 3039, 3039–40, 41 L.Ed.2d 1033 (1974); *Sharp Corp. v. United States*, 837 F.2d 1058, 1062 (Fed.Cir.1988); *Hyundai Pipe Co. v. United States International Trade Comm'n*, 10 CIT 695, 698, 650 F.Supp. 174, 176 (1986).

■ In granting an injunction pending appeal, the court considers: (1) a threat of irreparable harm; (2) a likelihood of success on appeal; (3) whether the injunction will substantially injure other parties in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *Zenith Radio Corp. v. United States*, 1 Fed.Cir. (T) 74, 710 F.2d 806 (1983); *S.J. Stile Assocs. Ltd. v. Snyder*, 68 CCPA 27, C.A.D. 1261, 646 F.2d 522 (1981).

In this action the plaintiff acknowledged that there is no irreparable harm which will occur in the absence of an injunction pending appeal. Liquidation of the entries is already suspended administratively pending completion of the review. The plaintiff conceded after discussion at oral argument that when the review is finished, it will have other opportunities to challenge the results in a judicial action or in another motion for injunctive relief.

■ An injunction pending appeal is not a matter of right, even if irreparable injury might otherwise result to the appellant. Rather, it is an exercise of judicial discretion and the propriety of issuing an injunction pending appeal depends on the circumstances of each case. *See Brother Indus.,*

*Ltd. v. United States,* 3 CIT 242, 243, 1982 WL 2215 (1982). Since the plaintiff has admitted that there will be no irreparable injury in the absence of injunctive relief, the motion for an injunction pending appeal is denied as to entries made during the first review period.

### C. *Second Review Period*

 When neither the domestic industry nor LMI requested a review for the second administrative review period, Commerce instructed Customs to liquidate entries for this period at the final amended cash deposit rate established by the antidumping duty order.

This situation presents facts similar to those found in *Algoma Steel Corp., Ltd. v. United States,* 12 CIT ——, 696 F.Supp. 656 (1988). In *Algoma,* the court held that a party who did not ask for injunctive relief during the pendency of litigation before the Court of International Trade and who did not ask Commerce to conduct an administrative review was not entitled to an injunction pending appeal where Commerce had already issued liquidation instructions to Customs. The *Algoma* court found that an injunction would "disturb to some degree the status quo as to such entries." *Id.* at ——, 696 F.Supp. at 658.

As to entries made during the second administrative review period, an injunction would disturb the *status quo.* At oral argument held on July 28, 1989, the plaintiff admitted that its request for an injunction as to entries made during the second review period was "probably too late" and withdrew its request for injunctive relief as to these entries.

### D. *Third Administrative Review*

 The opportunity to request an administrative review for the third review period covering March 1, 1989 through February 28, 1990 will not arise until February or March of 1990. As with entries made during the first review period, the plaintiff acknowledged after discussion that there will be no irreparable injury if the injunction pending appeal is not granted because the plaintiff will have other opportunities to move for injunctive relief or otherwise avoid liquidation of entries made during this and other future review periods.

### CONCLUSION

The plaintiff's motion for an injunction pending appeal is denied.