The appeal is dismissed without prejudice to reinstatement within 30 days after the bankruptcy stay is lifted or the proceeding concluded. Because this is a procedural dismissal for the convenience of the court and not a dismissal on the merits, no mandate will issue at this time.

**MONSANTO COMPANY,**
**Plaintiff–Appellee,**

v.

**Mitchell SCRUGGS, Eddie Scruggs, Scruggs Farm & Supplies, LLC, Scruggs Farm Joint Venture, HES Farms, Inc., MES Farms, Inc., and MHS Farms, Inc., Defendants–Appellants.**

No. 04–1527.
No. 04–1532.

United States Court of Appeals,
Federal Circuit.

Nov. 29, 2004.

Before MICHEL, SCHALL, and GAJARSA, Circuit Judges.

ON MOTION

GAJARSA, Circuit Judge.

*ORDER*

The parties respond to this court's October 18, 2004 order directing the parties to show cause why these appeals should not be dismissed as premature.*

Mitchell Scruggs et al. (Scruggs) filed two appeals. The first concerned the district court's summary judgment rulings on the patent infringement claim. Because other claims remained pending, that appeal was premature. Fed.R.Civ.P. 54(b). The second appeal concerned the district court's denial of Scruggs' motion to reconsider or vacate a preliminary injunction. That appeal is not premature, although it might be moot in view of the district court's recent entry of final judgment and a permanent injunction. *See Fundicao Tupy S.A. v. United States,* 841 F.2d 1101 (Fed.Cir.1988). Mitchell Scruggs et al. states that the district court has recently entered final judgment and a permanent injunction and that another appeal will soon be docketed. Thus, we will maintain the stay of the briefing schedule until that appeal is docketed. When the appeal is docketed, Scruggs should move to consolidate the newly filed appeal with 04–1532 and to lift the stay of the briefing schedule.

Accordingly,

IT IS ORDERED THAT:

(1) Appeal 04–1527 is dismissed as premature.

(2) The briefing schedule shall remain stayed in 04–1532, pending the docketing

---

* We note that Monsanto Company improperly cites two nonprecedential orders of this court. Monsanto argues that they are precedential because the legend, apparently as it appears on Westlaw's legal search service, does not state that they are nonprecedential. We note that Westlaw often does not include the non-precedential legend and that any decision or order that does not have an "F.2d" or "F.3d" citation is not precedential. The original orders contained the proper nonprecedential legend and were not published in "F.2d" or "F.3d".

**730**

of Scruggs' additional appeal and Scruggs' filing of a motion to consolidate the appeals and lift the stay of the briefing schedule.