NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CORNELL D.M. JUDGE CORNISH,**

*Plaintiff-Appellant,*

**v.**

**DAVID J. KAPPOS, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,
UNITED STATES PATENT AND TRADEMARK OFFICE,
HARRY I. MOATZ, DIRECTOR, OFFICE OF ENROLLMENT AND DISCIPLINE, AND WILLIAM J. GRIFFIN, STAFF ATTORNEY, OFFICE OF ENROLLMENT AND DISCIPLINE,**

*Defendants-Appellees.*

---

2010-1433

---

Appeal from the United States District Court for the District of Columbia in case No. 07-CV-1719, Judge Richard W. Roberts.

---

Decided: June 13, 2011

---

CORNELL D.M. JUDGE CORNISH, of Washington, DC, pro se.

RAYMOND T. CHEN, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for defendants-appellees. With him on the brief were RONALD K. JAICKS and SYDNEY O. JOHNSON, JR., Associate Solicitors.

———————————

Before PROST, MOORE and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Cornell D.M. Judge Cornish (Mr. Cornish) appeals the United States District Court for the District of Columbia's January 21, 2010 and March 8, 2010 orders denying him temporary reinstatement to the United States Patent and Trademark Office (USPTO) roster of active registered practitioners pending resolution of his lawsuit. Mr. Cornish filed his Notice of Appeal on March 22, 2010. During the pendency of this appeal, the district court granted the Defendants' motion for summary judgment regarding some of Mr. Cornish's claims and dismissed Mr. Cornish's remaining claims. *Cornish v. Dudas*, 715 F. Supp. 2d 56 (D.D.C. 2010). The district court entered final judgment against Mr. Cornish, which Mr. Cornish has separately appealed. *Cornish v. Kappos* (Appeal No. 2011-1041).

In light of the district court's entry of final judgment in the underlying action, Mr. Cornish's interlocutory appeal of the district court's denial of his requests for injunctive relief pending the resolution of his lawsuit is moot. *See Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262 (2007); *see also Fundicao Tupy v. United States*, 841 F.2d 1101, 1103 (Fed. Cir. 1988) (dismissing an interlocu-

tory appeal of the Court of International Trade's denial of injunctive relief because intervening final decision rendered the interlocutory appeal moot).  Because Mr. Cornish's lawsuit is no longer "pending resolution" before the district court, "[t]here is no longer any need to preserve the trial court's power to provide an effective remedy on the merits, which is the purpose of a preliminary injunction." *Fundicao Tupy*, 841 F.2d at 1103.  In conclusion, we must dismiss Mr. Cornish's interlocutory appeal, because the entry of final judgment has rendered it moot.  In light of this dismissal, all of Mr. Cornish's outstanding motions filed in this appeal are likewise moot.

## DISMISSED

### COSTS

No costs.