**CAMBRIDGE LEE INDUSTRIES, INC., Plaintiff,**

v.

**UNITED STATES Defendant,**

and

**American Brass, et. al., Defendants–Intervenors.**

Court No. 88–09–00714.

United States Court of International Trade.

Oct. 18, 1989.

Sharretts, Paley, Carter & Blauvelt, Gail T. Cumins, Beatrice A. Brickell, Washington, D.C., Ned H. Marshak, New York City, for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington D.C., M. Martha Ries, Lyn M. Schlitt, Gen. Counsel, Judith M. Czako, Acting Asst. Gen. Counsel, U.S.

Intern. Trade Com'n, Calvin H. Cobb, III, Washington, D.C., for defendant.

Collier, Shannon & Scott, Jeffrey S. Beckington, David A. Hartquist, and Kathleen Weaver Cannon, Washington, D.C., for defendants-intervenors.

DiCARLO, Judge:

Cambridge Lee, a United States importer of brass sheet and strip, moves this Court to enjoin liquidation of "any and all" entries of Japanese brass sheet and strip covered by the notice of opportunity to request an administrative review published in 54 Fed.Reg. 32,364 (Aug. 7, 1989), *amended* 54 Fed.Reg. 34,282 (Aug. 18, 1989). Movant requests the injunction during the pendency of litigation before this Court challenging the final affirmative injury determination of the United States International Trade Commission in *Certain Brass Sheet and Strip From Japan and The Netherlands,* Inv. Nos. 731–TA–379 and 380 (Final), USITC Pub. No. 2099 (July, 1988).

The motion for a preliminary injunction is denied.

### BACKGROUND

In 1984, Congress replaced the mechanism for automatic administrative review of dumping and CVD determinations under section 1675 of the Trade Agreements Act of 1979 with a procedure whereby such reviews would be held only upon request by an interested party. 19 U.S.C. § 1675(a)(1) (1982 and Supp.V.1987). Should a party request an administrative review, entries made during the twelve months immediately preceding the anniversary month of the dumping determination or the last annual review remain unliquidated. Customs then continues to collect estimated duties on those entries. In the absence of a request for a review, 19 C.F.R. § 353.53a(d)(1) provides for liquidation of entries and warehouse withdrawals at the rate estimated in the antidumping determination or the most recent ad-

ministrative review. Liquidation removes entries from the effect of any subsequent judicial decision. *See* 19 U.S.C. § 1516a(c)(1), (e) (1982).

### DISCUSSION

The question presented is whether a preliminary injunction against automatic liquidation of entries pending the outcome of judicial review of the underlying affirmative agency determination is available when the party seeking injunctive relief has not requested an administrative review pursuant to 19 U.S.C. § 1675(a)(1). The court has encountered this same issue on several occasions since the implementation of the procedure for elective administrative review.

In *Fundicao Tupy, S.A. v. United States,* 11 CIT ——, 669 F.Supp. 437 (1987) (*Tupy I*),[1] a unanimous three-judge panel held that a party that failed to avail itself of the administrative review procedure was unable to establish irreparable harm necessary to obtain injunctive relief. The *Tupy I* court reasoned:

> Had plaintiffs chosen to incur the expense of participating in an administrative review, the opportunity to obtain judicial review as to entries covered by that administrative proceeding could be protected. However, given the failure to seek such a review, [19 C.F.R.] § 353.53a(d), in effect, specifies the amount of the duties owed on the subject entries. Any harm, therefore, that the plaintiffs may suffer if the entries are liquidated is undeniably the result of their failure to utilize the administrative remedy provided.

*Id.* at ——, 669 F.Supp. at 439.

Shortly after the *Tupy I* decision, another judge of this court held that a party need not request a review in order to preserve its rights for injunctive relief. *OKI Elec. Indus. Co. v. United States,* 11 CIT ——, 669 F.Supp. 480 (1987). The *OKI* court found that 19 C.F.R. § 353.53a(d) is

---

1. For the subsequent history of this case, *see NTN Bearing Corp. of Am. v. United States,* 12 CIT ——, 701 F.Supp. 226, 227 n. 3 (1988).

inapplicable when the underlying dumping order is being challenged. *Id.* at ——, 669 F.Supp. at 485.

Since the decisions in *Tupy I* and *OKI*, there has been a continuing split of authority within the Court of International Trade whether a party must request an annual administrative review in order to obtain an injunction against liquidation. Two subsequent cases have followed the precedent set by *Tupy*. *NTN Bearing Corp. of Am. v. United States*, 12 CIT ——, 701 F.Supp. 226 (1988); *Fundicao Tupy, S.A. v. United States*, 12 CIT ——, 696 F.Supp. 1525 (1988) (*Tupy V*). Others have followed the reasoning set forth in *OKI. Sonco, Inc. v. United States*, 13 CIT ——, 698 F.Supp. 927 (1989); *Ipsco, Inc. v. United States*, 12 CIT ——, 692 F.Supp. 1368 (1988).

Although *OKI* and its progeny raise well-reasoned arguments, they are not sufficiently compelling to persuade the Court to deviate from the position taken in *Tupy I.* The availability of the annual administrative review affords the movant adequate alternatives to safeguard its rights. As the court stated in *NTN Bearing*, "[t]o grant injunctive relief under the facts of this case would be to reward the plaintiffs for thwarting the administrative process." 12 CIT at ——, 701 F.Supp. at 228. Accordingly, the Court denies movant's motion for injunctive relief.

This conflict within the Court of International Trade creates great uncertainty for litigants, which will continue until the Federal Circuit has an opportunity to resolve this issue.

## CONCLUSION

The motion for a preliminary injunction is denied.