**CAMBRIDGE LEE INDUSTRIES, INC., Plaintiff,**

v.

**UNITED STATES, Defendant,**

and

**American Brass, et al., Defendants–Intervenors.**

**Court No. 88–09–00714.**

United States Court of International Trade.

Nov. 1, 1989.

Sharretts, Paley, Carter & Blauvelt, Gail T. Cumins, Beatrice A. Brickell and Ned H. Marshak, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, M. Martha Ries, Lyn M. Schlitt, General Counsel, Judith M. Czako, Acting Asst. Gen. Counsel, U.S. Intern. Trade Com'n, and Calvin H. Cobb, III, for defendant.

Collier, Shannon & Scott, Jeffrey S. Beckington, David A. Hartquist and Kathleen Weaver Cannon, for defendants-intervenors.

## MEMORANDUM OPINION AND ORDER

DiCARLO, Judge:

Cambridge Lee, a United States importer of brass sheet and strip, moves for an injunction pending appeal of this Court's denial of a preliminary injunction against liquidation of entries of Japanese brass sheet and strip. *Cambridge Lee Indus., Inc. v. United States*, 13 CIT ——, 723 F.Supp. 1518 (1989).

The motion for an injunction pending appeal is granted.

## BACKGROUND

This court previously denied movant's request for a preliminary injunction against liquidation of entries of Japanese brass sheet and strip, because movant failed to request an administrative review of the dumping order under 19 U.S.C. § 1675(a)(1). The court nonetheless recognized a continuing split of authority within the Court of International Trade on the question of whether a request for an administrative review is a prerequisite to obtaining injunctive relief against liquidation. *Id.* at ——, 723 F.Supp. at 1519. The court stated that the issue is unlikely to be resolved until the Federal Circuit has an opportunity to address it. *Id.* at ——, 723 F.Supp. at 1520.

## 544

### DISCUSSION

The criteria for the issuance of a preliminary injunction and an injunction pending appeal are identical. *Fundicao Tupy S.A. v. United States*, 11 CIT —, 671 F.Supp. 27, 29 (1987); *UST, Inc. v. United States*, 11 CIT —, Slip Op. 87–17 at 5–6, 1987 WL 6842 (Feb. 20, 1987). According to these criteria, the movant must demonstrate: (1) immediate and irreparable injury, (2) likelihood of success on the merits, (3) the balance of hardship favors the movant, and (4) an injunction will serve the public interest. *Matsushita Elec. Indus. Co. v. United States*, 823 F.2d 505, 509 (Fed.Cir.1987). The court has previously granted an injunction pending appeal after denying a preliminary injunction against liquidation. *Fundicao Tupy S.A. v. United States*, 11 CIT —, 671 F.Supp. 27, 30 (1987); *British Steel Corp. v. United States*, 10 CIT 716, 649 F.Supp. 78, 80 (1986). Guided by the decisions in *Fundicao Tupy* and *British Steel*, the Court determines that the movant is entitled to the requested injunctive relief.

Absent an injunction pending appeal, movant would be immediately and irreparably injured because liquidation would moot its appeal, and would preclude movant from recovering its $55,000 cash deposit on the entries in issue should it prevail on the merits of its challenge to the underlying Commission determination. Movant has also met the second criterion by raising questions that are "serious, substantial, difficult, and doubtful." As Customs has already collected cash deposits on the entries and would, at most, merely be required to delay liquidation should an injunction pending appeal issue, the third requirement is satisfied. Finally, an injunction best serves the public interest because of the need to resolve this issue at the appellate level. *Fundicao Tupy*, 11 CIT at —, 671 F.Supp. at 30; *British Steel*, 10 CIT at 718, 649 F.Supp. at 80.

While movant failed to make the necessary showing for a preliminary injunction, it has sufficiently demonstrated the necessity of maintaining the status quo through an injunction pending appeal.

### CONCLUSION

The motion for an injunction pending appeal is granted.