**CAMBRIDGE LEE INDUSTRIES, INC., Plaintiff,**

v.

**UNITED STATES Defendant,**

and

**American Brass, et al., Defendant–Intervenors.**

**No. 88–09–00714.**

United States Court of International Trade.

Dec. 21, 1989.

**749**

determination of the United States International Trade Commission that a domestic industry is being materially injured or threatened with material injury by reason of imports of certain brass sheet and strip from Japan. *Certain Brass Sheet and Strip from Japan and the Netherlands,* Inv. Nos. 731–TA–379 and 380 (Final), USITC Pub. 2099 (July 1988). The Court has jurisdiction under 28 U.S.C. § 1581(c) (1982).

The plaintiff's arguments concerning the Commission's affirmative material injury and threat of material injury determinations are addressed in *Metallverken Nederland B.V. v. United States,* 13 CIT ——, 728 F.Supp. 730 (1989). In that decision, the Court affirmed the Commission's material injury determination, but remanded for reconsideration of the threat determination because there is substantial doubt whether the determination was flawed by a mistake of fact. The Court remands this action for the same reasons.

Plaintiff also challenges the Commission's "like-product" determination, alleging that the Commission improperly found imported 48" Muntz metal and architectural brass sheet to constitute a product like or similar to domestically manufactured brass. The Court finds the Commission's like-product determination to be supported by substantial evidence on the record and in accordance with law.

Sharretts, Paley, Carter & Blauvelt (Gail T. Cumins, Beatrice A. Brickell, Ned H. Marshak), for plaintiff.

Lyn M. Schlitt, Gen. Counsel, Judith M. Czako, Acting Asst. Gen. Counsel, U.S. International Trade Com'n (Calvin H. Cobb, III), for defendant.

Collier, Shannon & Scott (Jeffrey S. Beckington, David A. Hartquist, and Kathleen Weaver Cannon), for defendant-intervenors.

DiCARLO, Judge:

Plaintiff, a United States importer of brass sheet and strip from Japan, moves pursuant to Rule 56.1 of the Rules of this Court to challenge the final affirmative

DISCUSSION

Upon the filing of an antidumping petition, the United States Department of Commerce, International Trade Administration must "commence an investigation to determine whether the class or kind of merchandise described in the petition is being, or is likely to be, sold in the United States at less than fair value." 19 U.S.C. § 1673a(c)(2) (1988). Here, Commerce found that Dutch and Japanese brass sheet and strip, regardless of width, were being sold at less than fair value. *Final Determination of Sales at Less Than Sheet and Strip From Japan,* 53 Fed.Reg. 23,296 (June 21, 1988); *Final Determination of Sales at Less Than Fair Value: Brass*

*Sheet and Strip From the Netherlands,* 53 Fed.Reg. 23,431 (June 22, 1988).

■ Following an affirmative determination by Commerce, the International Trade Commission determines whether "domestic producers of like products" are experiencing material injury by reason of the dumped imports. 19 U.S.C. § 1677(7)(B)(i)(III) (1988). In its investigation, the Commission may not modify the class or kind of imported merchandise examined by Commerce. *See Sony Corp. of Am. v. United States,* 13 CIT ——, 712 F.Supp. 978, 984 (1989); *Algoma Steel Corp. v. United States,* 12 CIT ——, 688 F.Supp. 639, 644 (1988), *aff'd,* 865 F.2d 240 (Fed.Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3244, 106 L.Ed.2d 590 (1989); *Sprague Elec. Co. v. United States,* 84 Cust.Ct. 260, 262 (1980).

The Commission compared the imported merchandise, as defined by Commerce, with the domestic product. As in other brass investigations, the Commission found a single like product consisting of all domestically-manufactured U.N.S. C20000 series brass sheet and strip which is described in *Granges Metallverken AB v. United States,* 13 CIT ——, 716 F.Supp. 17, 19 (1989). USITC Pub 2099 at 4–5, 10. The Commission concluded that the domestic producers of C20000 brass were materially injured or threatened with material injury by reason of imported Dutch and Japanese brass. USITC Pub. 2099 at 1.

■ Plaintiff argues that the Commission improperly found imported 48″ Muntz metal and architectural brass sheet to constitute a product like or similar to domestically manufactured C20000 brass because: (1) domestic producers lack machinery capable of rolling 48″ brass sheet and do not produce brass of this width, and (2) customer preferences, physical differences, and different end uses demonstrate that 48″ brass sheet is not commercially interchangeable with narrower domestically-produced brass sheet. Plaintiff contends that since the domestic product is not like or similar to 48″ brass sheet, no domestic industry is being materially injured by brass imports of this width.

The term "like product" is defined as "a product which is like, or *in the absence of like, most similar in characteristics and uses with,* the article subject to an investigation. . . ." 19 U.S.C. § 1677(10) (1988) (emphasis added). The Commission recognized that 48″ brass sheet is not produced in the United States and that production machinery used by the domestic industry cannot roll brass of this width. USITC Pub. 2099 at 5, 9 n. 20. Nevertheless, the Commission concluded that there was one like product because it found narrower widths of domestically-produced brass to be substitutable for 48″ brass sheet. USITC Pub. 2099 at 8. Affidavits of domestic producers support this finding. Conf.R. 36 at 9–10, Exhibits 1–3.

The Commission considered plaintiff's argument that consumer preferences distinguished these types of brass sheet. The Commission found this to be an insufficient distinction to separate C20000 brass into more than one like product because these preferences were not based on technical considerations. USITC Pub. 2099 at 8. *See Asociacion Colombiana de Exportadores de Flores,* 12 CIT ——, 693 F.Supp. 1165, 1168 (1988).

The Commission also considered physical differences among the various sizes of brass sheet and strip. It found that brass sheet is manufactured in a variety of widths cut in 16″ increments. USITC Pub. 2099 at 8. As width is the only physical characteristic distinguishing 48″ Muntz metal and architectural brass from other varieties of C20000 brass sheet, the Commission found no sufficiently clear dividing line for separating domestic brass into different like products. This finding is consistent with the legislative history to 19 U.S.C. § 1677(10) which states:

> The requirement that a product be "like" the imported article should not be interpreted in such a narrow fashion as to permit minor differences in physical characteristics or uses to lead to the conclusion that the [domestic] product and [the imported] article are not "like" each other nor should the definition of "like product" be interpreted in such a fashion

as to prevent consideration of an industry adversely affected by the imports under investigation.

*See* S.Rep. No. 249, 96th Cong., 1st Sess. 90–91, *reprinted in* 1979 U.S.Code Cong. & Admin.News 381, 476–77.

## CONCLUSION

The Court finds the Commission's like-product determination to be supported by substantial evidence on the record and in accordance with law. The Court remands for the reasons stated in *Metallverken Nederland B.V. v. United States,* 13 CIT ——, 728 F.Supp. 730 (1989).