**CAMBRIDGE LEE INDUSTRIES, INC.,**
Plaintiff–Appellant,

v.

**The UNITED STATES,**
Defendant–Appellee,

and

**American Brass, Chase Brass & Copper Company, Hussey Copper, Ltd., The Miller Company, Olin Corporation–Brass Group, Revere Copper Products, Inc., International Association of Machinists & Aerospace Workers, International Union, Allied Industrial Workers of America (AFL–CIO), Mechanics Educational Society of America (Local 56), and The United Steelworkers of America (AFL–CIO/CLC), Defendants–Appellees.**

No. 90–1044.

United States Court of Appeals,
Federal Circuit.

Oct. 18, 1990.

Gail T. Cummins, Sharretts, Paley, Carter & Blauvelt, P.C., New York City, argued, for plaintiff-appellant. With her on the brief, were Beatrice A. Brickall and Ned H. Marshak.

M. Martha Ries, Atty., Commercial Litigation Branch, Dept. of Justice, Washing-

ton, D.C., argued, for defendant-appellee. With her on the brief, were Stuart M. Gerson, Asst. Atty. Gen. and David M. Cohen, Director. Also on the brief were Wendell L. Willkie, II, General Counsel, Stephen J. Powell, Chief Counsel for Import Admin. and Tanya J. Potter, Atty.–Advisor, Office of Deputy Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel.

Jeffrey S. Beckington, Collier, Shannon & Scott, Washington, D.C., argued, for defendants-appellees. With him on the brief, were David A. Hartquist and Kathleen Weaver Cannon.

Before MARKEY,* Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BROWN,** District Judge.

FRIEDMAN, Senior Circuit Judge.

This is an appeal from a decision of the Court of International Trade denying a preliminary injunction against the liquidation of entries of merchandise covered by an antidumping order that the party seeking the injunction challenged in that court. The Court of International Trade held that the party's failure to seek an annual administrative review of the antidumping order barred the party from obtaining an injunction. The appellant challenges the latter ruling. We hold, however, that developments in the case since the appeal was argued here have made the case moot. We therefore dismiss the appeal.

I

Because of our disposition of this case, only a brief description of the statutory background and the facts is necessary.

A. The imposition of antidumping duties is based upon (1) a determination by the International Trade Administration (Administration) in the Department of Commerce that foreign goods are being sold in the United States at less than fair value, *i.e.*, being dumped, and (2) a determination by the International Trade Commission (Commission) that such sales injure a Unit-

ed States industry. Following those determinations, the Administration publishes an antidumping duty order specifying the amount of antidumping duties.

Importers are required to "deposit ... estimated antidumping duties pending liquidation of entries of merchandise...." 19 U.S.C. § 1673e(a)(3) (1988). These entries of merchandise "shall be liquidated in accordance with the determination of the [Administration] or the Commission," "[u]nless such liquidation is enjoined by the court...." 19 U.S.C. § 1516a(c)(1) (1988). Once an entry has been liquidated, the duties paid cannot be recovered even if the payor subsequently prevails in its challenge to the antidumping order. *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809–10 (Fed.Cir.1983).

Twelve months after the original antidumping order, the Administration must "review, and determine ... the amount of any antidumping duty" "if a request for such a review has been received." 19 U.S.C. § 1675(a)(1)(B) (1988). This latter review is called the annual review. A Department of Commerce regulation provides that if no request for an annual review has been made, all entries during the annual review period will be liquidated "at rates equal to the cash deposit of, or bond for, estimated antidumping duties." 19 C.F.R. § 353.22(e) (1990).

B. Following the Administration's final determination that brass sheet and strip from Japan had been sold in the United States at less than fair value, *Final Determination of Sales at Less Than Fair Value; Brass Sheet and Strip from Japan*, 53 Fed.Reg. 23,296 (Admin. June 21, 1988), and the Commission's final determination of material injury or threat thereof to a United States industry, *Certain Brass Sheet and Strip From Japan and the Netherlands*, 53 Fed.Reg. 29,394 (Comm'n Aug. 4, 1988), the Administration on August 12, 1988 published an antidumping duty order which required a cash deposit of "estimated antidumping duties" on all sub-

---

* Circuit Judge Markey vacated the position of Chief Judge on June 27, 1990.

** Garrett E. Brown, Jr., of the United States District Court for the District of New Jersey, sitting by designation.

sequent entries. *Antidumping Duty Order of Sales at Less Than Fair Value; Brass Sheet and Strip From Japan,* 53 Fed.Reg. 30,454 (Admin. Aug. 12, 1988).

The appellant Cambridge Lee Industries, Inc. (Cambridge Lee), an importer of the merchandise involved, filed suit in the Court of International Trade in October 1988, challenging the Commission's determination that the dumping injured an American industry. It did not challenge the Administration's determination that the merchandise was sold at less than fair value in the United States.

While proceedings on Cambridge Lee's Motion for Judgment on the Administrative Record were pending before the Court of International Trade, the anniversary date of the antidumping duty order occurred on August 7, 1989. On that date, the Administration published a notice in the Federal Register that within 30 days interested parties could request an administrative review of the antidumping order for the period from August 1, 1988 through July 31, 1989. *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation, Opportunity to Request Administrative Review,* 54 Fed.Reg. 32,364 (Admin. Aug. 7, 1989). The notice further stated:

> If the Department does not receive by August 31, 1989 a request for review of entries covered by an order or finding listed in this notice and for the period identified above, the Department will instruct the Customs Service to assess antidumping or countervailing duties on those entries at a rate equal to the cash deposit of (or bond for) estimated antidumping or countervailing duties required on those entries at the time of entry, or withdrawal from warehouse, for consumption and to continue to collect the cash deposit previously ordered.

54 Fed.Reg. at 32,365.

Cambridge Lee did not request an administrative review, since its suit did not challenge the dumping margins, but only the injury determination.

In September 1989, Cambridge Lee moved in the Court of International Trade for a preliminary injunction against liquidation of the entries for the annual review period, pending the court's determination of the merits of Cambridge Lee's challenge to the industry injury determination.

The court denied an injunction. The court noted that "there has been a continuing split of authority within the Court of International Trade whether a party must request an annual administrative review in order to obtain an injunction against liquidation." *Cambridge Lee Indus., Inc. v. United States,* 723 F.Supp. 1518, 1520 (Ct. Int'l Tr.1989). The court decided to follow the ruling in *Fundicao Tupy S.A. v. United States,* 669 F.Supp. 437, 11 C.I.T. 561 (1987), where it stated that "a unanimous three-judge panel held that a party that failed to avail itself of the administrative review procedure was unable to establish irreparable harm necessary to obtain injunctive relief." 723 F.Supp. at 1519.

Thereafter, the court granted Cambridge Lee's motion for an injunction pending appeal of the court's denial of the preliminary injunction. *Cambridge Lee Indus., Inc. v. United States,* 725 F.Supp. 543 (Ct.Int'l Tr.1989). The court found that denial of an injunction pending appeal would cause Cambridge Lee irreparable injury "because liquidation would moot its appeal, and would preclude movant from recovering its $55,000 cash deposit on the entries in issue should it prevail on the merits of its challenge to the underlying Commission determination." *Id.* at 544.

In December 1989, the Court of International Trade decided the merits of the case. *Cambridge Lee Indus. v. United States,* 728 F.Supp. 748 (Ct.Int'l Tr.1989). The court rejected most of Cambridge Lee's challenges to the industry injury determination, but remanded the case to the Commission for reconsideration of one issue. In its brief, the government informed us that on reconsideration the Commission adhered to its prior determination. At oral argument on June 4, 1990, we were told that the validity of that ruling was pending before the Court of International Trade.

## II

■ On July 25, 1990, the government moved to dismiss the appeal as moot. It

noted that on July 20, 1990, the Court of International Trade entered final judgment affirming the Commission's industry injury determination and dismissing the action.

The effect of this ruling of the Court of International Trade is to end the dispute between Cambridge Lee and the appellees over whether Cambridge Lee's failure to request an administrative review barred it from obtaining an injunction pending the Court of International Trade's decision of the merits of Cambridge Lee's challenge to the industry injury determination. That has been the major issue in this appeal. The appeal is moot because the court having "reached and decided the merits ... [t]here is no longer any need to preserve the trial court's power to provide an effective remedy on the merits, which is the purpose of a preliminary injunction." *Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1103 (Fed.Cir.1988).

Cambridge Lee, however, argues that the case is not moot under the well-recognized exception to mootness for orders that are "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). To qualify under this exception, the Supreme Court has stated, two conditions must be satisfied: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975). In its most recent decision on the issue, the Court reformulated the second condition as requiring only a "reasonable likelihood" that the party "will again suffer the deprivation of [the statutory] rights that gave rise to the suit." *Honig v. Doe*, 484 U.S. 305, 318, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988).

Cambridge Lee offers two reasons why the appeal is not moot: (1) the decision of the Court of International Trade "is not final, since Cambridge Lee has the option of appealing the CIT decision to this Court"; and (2) the decision "could directly affect plaintiff-appellant, Cambridge Lee, should Cambridge Lee in the future import merchandise subject to an antidumping duty investigation." Assuming *arguendo* that the case satisfies the first condition of the exception (evading review), it does not meet the second requirement that there be a "reasonable likelihood" or a "reasonable expectation that the same complaining party will be subject to the same action again."

Cambridge Lee first argues that the Court of International Trade's decision is not final because Cambridge Lee "has the option of appealing" the decision to this court. Cambridge Lee has not stated that it will appeal, but only that it may do so. In any event, if Cambridge Lee does appeal, the question then would be whether it is entitled to a stay of liquidation pending the appeal, not a stay pending the decision of the Court of International Trade.

The application for a stay pending appeal involves different considerations than the request for a stay at issue in this appeal. Any request for a stay pending appeal must be made to the Court of International Trade in the first instance. Since that court granted a stay pending appeal in the present case, it might well decide also to do so if another appeal is taken.

Cambridge Lee's other point—that in the future it could "import merchandise subject to an antidumping duty investigation"— rests on the following assumptions: (1) future imports by Cambridge Lee will be subject to an antidumping investigation (2) that will result in a finding of dumping and (3) the imposition of antidumping duties on Cambridge Lee that (4) Cambridge Lee will judicially challenge on the merits and for which it would have no reason to seek an annual administrative review, and (5) the particular judge of the Court of International Trade to whom the case is assigned will apply the principle that failure to seek an administrative review bars an injunction against liquidation. These assumptions are highly conjectural and at most create merely a possibility—certainly not a reasonable expectation or reasonable likelihood—that

Cambridge Lee "would be subjected to the same action again."

Cambridge Lee also states that in its decision, the Court of International Trade noted that "there has been a continuing split of authority within" that court over "whether a party must request an annual administrative review in order to entertain and to obtain an injunction against liquidation," 723 F.Supp. at 1520, and that the court further stated that "[t]his conflict within the Court of International Trade creates great uncertainty for litigants, which will continue until the Federal Circuit has an opportunity to resolve this issue." *Id.*

■ If a case is moot, however, the jurisdictional case or controversy requirement of Article III of the Constitution is not met. *See Honig*, 484 U.S. at 317, 108 S.Ct. at 600–01. In these circumstances, it is immaterial that our failure to decide the issue is likely to engender further litigation and uncertainty in the Court of International Trade. In any event, we resolve the issue in our opinion in the related case of *The Asociacion Colombiana de Exportadores*

*de Flores v. United States*, 916 F.2d 1571 (Fed.Cir.1990), also decided today.

## CONCLUSION

The appeal is dismissed as moot. *Fundicao Tupy S.A. v. United States*, 841 F.2d 1101 (Fed.Cir.1988). Since we do not know whether Cambridge Lee will appeal the recent decision of the Court of International Trade dismissing its suit, the injunction pending appeal issued by that court is continued pending further order of that court, to give Cambridge Lee the opportunity to seek a new stay if it decides to appeal.

## COSTS

No costs.

**APPEAL DISMISSED.**