**ELECTROMOTIVE DIVISION OF GENERAL MOTORS CORPORATION, Plaintiff–Appellant,**

v.

**TRANSPORTATION SYSTEMS DIVISION OF GENERAL ELECTRIC COMPANY, Defendant–Appellee,**

and

**Daido Industrial Bearings, Ltd., Defendant–Appellee.**

Nos. 03–5181, 04–1412.

United States Court of Appeals, Federal Circuit.

Aug. 9, 2004.

Ernie L. Brooks, Brooks & Kushman, Southfield, MI, for Plaintiff–Appellant.

Gary D. Santella, Masuda Funai, Chicago, IL, Martin R. Lueck, Robins, Kaplan, Minneapolis, MN, for Defendant–Appellee.

Before GAJARSA, LINN, and PROST, Circuit Judges.

*ORDER*

PROST, Circuit Judge.

Electromotive Division of General Motors Corporation (General Motors) moves to withdraw or dismiss appeal 03–1581 and for leave to "consolidate" the arguments stemming from appeal 03–1581 with appeal 04–1412. Transportation Systems Division of General Electric Company (GE) opposes and moves to dismiss 03–1581. General Motors opposes GE's motion and replies in support of its motion.

Appeal 03–1581 is General Motors' appeal from the denial of its motion for a preliminary injunction. Shortly before oral argument in that appeal, the district court entered final judgment finding that the patents were invalid. Thus, appeal 03–1581 was removed from the oral argument calendar. Appeal 04–1412 is General Motors' appeal from the district court's final judgment.

GE correctly argues that an appeal concerning the denial of a preliminary injunction becomes moot, and must be dismissed, when the district court enters it final judgment. *See Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1103–04 (Fed.Cir. 1988) (the question of whether a preliminary injunction should have issued is moot after the district court's entry of final judgment). General Motors agrees that its first appeal should be dismissed, but asserts that it intends to include arguments regarding the propriety of the denial of the preliminary injunction in its appeal from the final judgment. It argues that, if this court reverses the final judgment, then its request for a preliminary injunction would not be moot. However, *Fundicao Tupy* rejects this argument. *Fundicao Tupy*, 841 F.2d at 1103–04 ("[t]here is no longer any need to preserve the trial court's power to provide an effective remedy on the merits, which is the purpose of a preliminary injunction"; "[t]hus, we decline to decide whether the preliminary injunction should have been denied; the question is moot").

Accordingly,

IT IS ORDERED THAT:

(1) General Motors' motion and GE's motion to dismiss appeal 03–1581 are granted.

(2) General Motors' motion to "consolidate" is denied.

(3) All sides shall bear their own costs in appeal 03–1581.