for failure to prosecute in accordance with the rules.

**Roger J. HALL and RJ Hall & Associates, Plaintiffs–Appellants,**

v.

**BED BATH & BEYOND, INC., Bed Bath & Beyond Procurement Co. Inc., Farley S. Nachemin, Christine Gitli, Jennifer Zadoff, West Point Home, Inc., And Stephen Peters, Defendants–Appellees.**

No. 2010–1403.

United States Court of Appeals, Federal Circuit.

Jan. 24, 2011.

Mitchell C. Shelowitz, Shelowitz & Associates PLLC, New York, NY, for Plaintiffs–Appellants.

Gregg A. Paradise, Lerner, David, Littenberg, Krumholz, Westfield, NJ, Barry I. Slotnick, Loeb & Loeb LLP, New York, NY, for Defendants–Appellees.

PER CURIAM.

**ORDER**

This is an appeal of an order denying the plaintiffs' motion for a preliminary injunction. On December 29, 2010, the district court ordered that all claims of the complaint should be dismissed. For the claim of patent infringement in count 1, the dismissal was without prejudice and the plaintiffs were allowed until January 19, 2011 to replead the claim against Bed Bath & Beyond Inc., Bed Bath & Beyond Procurement Co. Inc., and West Point Home, Inc. Notwithstanding the lack of entry of a final judgment by the district court, the plaintiffs filed a notice of appeal on December 30, 2010, seeking review of the order dismissing the various claims. That appeal has since been docketed as no. 2011–1165.

On January 13, 2011, the plaintiffs filed a notice of intent not to replead count 1 for patent infringement. Plaintiffs asserted that the notice not to replead count 1 rendered the district court's order a final judgment. On January 20, 2011, the district court filed an order closing the case, which dismissed the entire complaint with prejudice and without leave to file an amended complaint.

An appeal of an order denying a preliminary injunction becomes moot upon entry of final judgment. *Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1103–04 (Fed.Cir.1988) (the question whether a preliminary injunction should have issued is moot after the entry of final judgment; "[t]here is no longer any need to preserve the trial court's power to provide an effective remedy on the merits, which is the purpose of a preliminary injunction").

In view of the district court's order closing the case, this appeal is dismissed as moot.

Accordingly,

It Is Ordered That:

This appeal is dismissed as moot.